UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MICHAEL NEUBECKER,

    Plaintiff,

v.                                                    Case No. 1:20-cv-1204
                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his applications for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for benefits on May 29, 2018, alleging a disability onset date of June 1, 2017.  PageID.69. Plaintiff identified his disabling conditions as fibromyalgia, ankylosing spondylitis, Scheuermann's Disease, myositis, depression, osteoarthritis, chronic pain, insomnia, and tendonitis in both arms.  PageID.298.   Prior to applying for DIB, plaintiff had one year of college and had past relevant work as a truck driver.  PageID.84.  The administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on December 3, 2019.  PageID.69-86.  The ALJ's decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

### I.      LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 1, 2017, and that he met the insured requirements of the Social Security Act through the June 30, 2017. PageID.71. At the second step, the ALJ found that plaintiff had the following severe impairments: obesity; kyphosis and Scheuermann's disease; degenerative disc disease of the lumbar spine; osteoarthritis of the left shoulder status post reconstruction; carpal tunnel syndrome of the left upper extremity status post release; and anxiety. PageID.72. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.75.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can stand or walk for a total of four out of eight hours in a workday. He needs to change position for five minutes after every 30 minutes while remaining on task. He can frequently climb ramps and stairs and balance, occasionally stoop and kneel, and never crouch, crawl, or climb ladders, ropes, or scaffolds. The claimant cannot work around hazards such as unprotected heights or unguarded, moving machinery. He can have no exposure to extremes of vibration. The claimant can have only occasional interaction with coworkers, supervisors, and the public.

PageID.77. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.84.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the sedentary exertional level. PageID.85. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as addresser (19,000 jobs), table worker (23,000 jobs), and document preparer (47,000 jobs). PageID.85. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2017 (the alleged onset date) through December 3, 2019 (the date of the decision). PageID.85-86.

### III. DISCUSSION

Plaintiff has raised three errors on appeal.

**A. The ALJ committed reversible error by failing to acknowledge the previous ALJ Decision and then by failing to apply Sixth Circuit precedent.**

The record includes a previous ALJ's decision dated May 31, 2017. This decision found that plaintiff was not disabled from April 3, 2011 (the alleged disability onset date) through May 31, 2017 (the date of the decision). PageID.126-142. Plaintiff's present claim involves a disability onset date which commenced on June 1, 2017, the day after the decision denying benefits. Plaintiff contends that the ALJ erred by failing to acknowledge that previous decision. The Court finds no error. The ALJ made a passing reference to "[t]he prior decision." PageID.74. He also noted that a medical consultant, David Kroning, M.D., "found that he was adopting the residual functional capacity from the prior Administrative Law Judge's decision, but the prior decision found that the claimant could never crouch or crawl (B4A/9; B5A/9)." PageID.82. With respect to Dr. Kroning, the ALJ stated that "despite this minor error, I find this opinion persuasive"

5

and that "[t]he medical evidence of record since the last decision does not support a deviation from the prior decision regarding the claimant's physical functioning." PageID.82.

The question for the Court is whether the ALJ performed an "independent review" of the new claim, *i.e.*, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *See Earley v Commissioner of Social Security*, 893 F.3d 929, 932-33 (6th Cir. 2018). Here, the ALJ's review of plaintiff's present claim commencing on June 1, 2017, is consistent with the Sixth Circuit's guidance. The record reflects that the ALJ treated this as a new claim. The ALJ did not rely on the earlier decision denying benefits or state that he was bound by findings made in that decision. The Court finds no error in the ALJ's procedure, which provided plaintiff with an independent, "fresh review" consistent with the reasoning in *Earley*. *See id*. at 934. Accordingly, the claim of error is denied.

> **B. The ALJ committed reversible error by failing to support his residual functional capacity (RFC) finding in the case.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). As one court stated, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (as amended Feb. 22, 2019).

In support of this claim, plaintiff refers the Court to a chart prepared by plaintiff's attorney in the administrative proceedings, which seeks to point out discrepancies in the ALJ's

review of the medical record by comparing the ALJ's "decision citation" with the "actual notation". Plaintiff's Brief at PageID.798; Chart (PageID.379-381). Plaintiff does not address the chart, which appears to address nine citations which appear at page 10 (PageID.78) of the ALJ's decision. The chart is generally unhelpful and contains internal discrepancies.[1] In this regard, the Court notes that page 10 of the ALJ's decision (PageID.78) cites over 40 pages from the administrative record. Accordingly, plaintiff has not demonstrated that the ALJ engaged in gross distortions of the record in determining his RFC.

Plaintiff also states that the ALJ improperly referred to his diminished credibility because of plaintiff's work activity. See Plaintiff's Brief (ECF No. 17 PageID.799). As an initial matter, the term "credibility" has been eliminated from Social Security Administration (SSA) policy. See SSR 16-3p, 2017 WL 5180304 at *2 ("we are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term"). Plaintiff appears to be referring to the ALJ's evaluation of an opinion from a physical therapist, which the ALJ found to be "inconsistent with the claimant's activities of daily living, which reveals that the claimant does work more than three-hour shifts (B1F/31, 39, 49; B2F/31; B4F/18; B6F/9)." PageID.83.

Plaintiff also cites a case referring to the use of the term "in no acute distress" in describing a person, and argues that this term as misleading because it "in no way means that she does not have disabling conditions." Plaintiff's Brief at PageID.799. Plaintiff does not elaborate on how the ALJ used that term or how it was misleading in this instance.

---

[1] At times the chart does not contain a citation for the narrative referenced in the "actual notation." In some instances, the chart referred to the medical provider's narrative description at an appointment, while the ALJ referred to the "Review of Systems" performed at the appointment, e.g.,: references to B1F/22 (PageID.406) with narrative at B1F/21 (PageID.405); B1F 18-19 (PageID.402-403); and B1F/14-15 (PageID.398-399). Some of the references in the chart (Ex. B1F/78, B3F/2, B2F/30, and B7F/98) do not appear on page 10 of the ALJ's decision. Finally, the identification of two exhibits is unclear ("Ex. B7F/1  17" and "Ex. B1 3E/3"). See PageID.380.

Upon reviewing the record, the Court finds that the RFC, which restricts plaintiff to a limited range of sedentary work activities, is supported by substantial evidence. The ALJ presented a comprehensive discussion of plaintiff's medical history and treatment records at length, and specifically evaluated the opinions in the record given by medical consultant David Kroning, M.D, occupational therapist Joel Ayala, O.T.R.I., and psychological consultant Bruce Douglass, Ph.D. PageID.77-84. Accordingly, plaintiff's claim of error is denied.

> **C. The Appointment of Andrew Saul as a single commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul.**

Finally, plaintiff contends that the structure of the Social Security Administration (SSA) violates the principle of separation of powers because the head of the SSA can only be removed from his position for cause. Plaintiff contends that his case should be remanded for a new hearing on this basis. Plaintiff's claim is without merit. In rejecting this line of argument raised in a Social Security Appeal, one court explained:

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the

8

> unconstitutional removal provision.  However, *Collins* expressly rejects this view.  *Id*.  Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-00331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021) (footnote omitted).  Plaintiff has offered no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his applications for benefits.  Accordingly, this claim of error is denied.

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**.  A judgment consistent with this opinion will be issued forthwith.


Dated: September 13, 2022                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge